288 P.2d 779

Albert D. THOMAS, Appellant,

v.

Charles J. LEFTAULT, Administrator of the Estate of Edward E. Thomas, Sr., deceased, Appellee.

No. 5923.

Supreme Court of Arizona.

Oct. 11, 1955.

Cole & Barry, Tucson, for appellant.

Wesley E. Polley and John G. Pidgeon, Bisbee, for appellee.

WINDES, Justice.

The parties will be designated as they appeared in the trial court. Albert D. Thomas, as plaintiff, filed against George H. Thomas as administrator of the estate of Edward E. Thomas, Sr., a complaint consisting of four causes of action, the first claiming ownership and right to possession of the following personal property:

"Approximately 93 head of cattle branded E Lazy T; 26 calves, which were unbranded on said date (July 25, 1950), but which have since been branded E Lazy T; one blue mare horse branded E Lazy T; one blue roan saddle horse, branded E Lazy T; one four-year-old sorrel horse branded E Lazy T; one 9 month old sorrel filly; one 2 year old brown colt; one three year old filly; one horse-trailer."

Pending the appeal Charles J. Leftault has been substituted for George H. Thomas as administrator of the above estate.

292

The verdict on this cause of action was that plaintiff recover all cattle and horses branded E Lazy T and the increase thereof, and one horse-trailer in the possession of defendant. Originally the court rendered judgment as follows:

"That the Plaintiff do have and recover from the Defendant, as such Administrator, the possession of that certain personal property described in Paragraph 2 of the First Cause of Action of the Plaintiff's Second Amended Complaint, together with the increase of all of the livestock therein mentioned, and more particularly described as follows, to-wit: Approximately 93 head of cattle branded E Lazy T; 26 calves which were on or about the 25th day of July unbranded, but which have since been branded E Lazy T; together with all of the increase of said cattle; one blue mare horse branded E Lazy T; one blue roan saddle horse branded E Lazy T; one four year old sorrel horse branded E Lazy T; one nine month old sorrel filly; one two year old brown colt; one three year old filly; and one horse-trailer, the ages of which said horses were fixed as of approximately the 25th day of July, 1950; being all of the cattle and horses branded E Lazy T and the increase thereof located on the Thomas Ranch."

Defendant moved to alter and amend the judgment upon the ground that there were two bulls in the herd of cattle branded ⅄ and two cows branded E Lazy H which had never been conveyed to the plaintiff. The court granted this motion and amended paragraph 1 of the original judgment giving the plaintiff the same property "save and except Two Bulls which were involved in the said 93 head of cattle designated in paragraph I of said judgment and bearing the brand ⅄ and also Two Dairy Cows bearing the brand E (Lazy) involved in the said 93 head of cattle designated in Paragraph I of said judgement". The amended judgment further provided that defendant recover from plaintiff the two bulls and two dairy cows. Plaintiff appealed from the action of the trial court in amending the judgment.

We do not have a transcript of the evidence and are therefore in the dark as to whether the bulls and cows given to the defendant by the amended judgment also carried the E Lazy T brand. We think however that this does not affect the result. If these four head of stock carried only the brands mentioned in the amended judgment, the trial court's action in amending the same went beyond the issues involved in the trial and cannot stand. It was only stock carrying the E Lazy T brand that was claimed by the plaintiff and covered by the verdict. Assuming the plaintiff has the possession and is claiming ownership of these cattle, they cannot be given to the defendant by this method.

The amended judgment recites that these four head of stock are involved in the 93 head recited in the original judgment.

There is a possible inference therefore that they also carry the E Lazy T brand and if so, the ownership thereof was decided by the verdict to be in the plaintiff. The problem is presented whether the trial court may decide the jury was in error in awarding this stock to the plaintiff and render a judgment not in conformity with the verdict. While the motion to amend is indefinite, we assume the court concluded that the plaintiff did not submit evidence which warranted the jury in awarding these four head of stock to him.

Under Rule 59(e), Rules of Civil Procedure, section 21–1307a, 1952 Cum. Supp., A.C.A.1939, a motion to amend a judgment is authorized if made within ten days. This rule, however, cannot be used to secure a judgment which conflicts with the jury's verdict. 49 C.J.S., Judgments, § 55; Section 21–1219, A.C.A.1939. The effect of this amended judgment is to render a judgment notwithstanding the verdict. Rule 50(b), Rules Civ.Proc., section 21–1015, A.C.A.1939, provides the procedure for securing such a judgment. If the undisputed evidence showed defendant to be the owner of the two bulls and the two cows and if appropriate motion had been made, the jury should have been directed to so find, and if not directed, the court would then have had the right to render a judgment in accordance with the original motion. This procedure not having been followed, if judicial error were committed concerning the ownership of this stock, it could only be corrected, if at all, through the avenue of a new trial.

Reversed with instructions to vacate and set aside the amended judgment and reinstate the original judgment of July 19, 1951.

LA PRADE, C. J., and UDALL, PHELPS and STRUCKMEYER, JJ., concur.